```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF INDIANA
                   SOUTH BEND DIVISION
```

MYRON CROSBY,                         )
                                      )
Plaintiff,                            )
                                      )
     vs.                              )    NO. 3:08-CV-17
                                      )
OFFICER BONOR,                        )
                                      )
Defendant.                            )

## OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. section 1915A. For the reasons set forth below, the court **DISMISSES**, pursuant to Section 1915A, all claims set forth in the Plaintiff's complaint except his claim that the defendant injured him while he was confined at the Elkhart County Jail.

BACKGROUND

Myron Crosby is currently housed at the Logansport State Hospital. The sole defendant is Officer Bonor of the Elkhart County Sheriff's Office. Crosby alleges that while he was confined at the Elkhart County Jail as a pretrial detainee, Officer Bonor violated his federally protected rights by using excessive force. Crosby also discusses events that occurred outside the jail in Michigan and at the Logansport Hospital, and actions against him by another inmate while confined at the jail.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Because Crosby is a prisoner as defined in section 1915A and the defendant he seeks redress from is a government employee, section 1915A requires the court to screen this complaint, even though he originally filed it in state court.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. The court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

2

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Crosby appears to allege that Officer Bonor used excessive force on him and injured him while he was at the jail, and that he suffered a cut over both eyes and possibly other injuries. "In addressing an excessive force claim brought under section 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. at 395, (emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause

3

protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979. The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, but "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

Because the plaintiff was a pretrial detainee when the incident he complains of occurred, the court will analyze his allegations under the fourteenth Amendment's due process clause. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether a jail official used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley*, 475 U.S. at 321.

4

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Crosby the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his excessive use of force claim against Officer Bonor under the standards set forth in *Hudson v. McMillian*.

Crosby also mentions incidents that occurred in Michigan and at the Logansport Hospital. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Crosby does not allege that Officer Bonor had any personal involvement in the other incidents he complains, and it is not reasonable to infer that he did.

It is not clear who Crosby believes violated his federally protected rights in Michigan or at the Logansport Hospital. In any event, pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), claims against other defendants for incidents that occurred at some

5

other location may not be brought in this case. "Multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d at 607.

CONCLUSION

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against the defendant in his personal capacity for damages on the Fourteenth Amendment excessive use of force claim at the Elkhart County Jail;

(2) **DISMISSES**, pursuant to 28 U.S.C. § 1915A(b)(1), all other claims;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on the defendant on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

**DATED: April 23, 2008**          S/RUDY LOZANO, Judge
                                   **United States District Court**

6